[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
{¶ 1} This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.Rep.Op. 3(A).
 {¶ 2} Defendant-appellant Edmond Parson was convicted of trafficking in cocaine, a felony of the fifth degree. He was sentenced to eleven months' incarceration.
 {¶ 3} Parson's sole assignment of error alleges that the trial court erred by improperly sentencing him. Parson first argues that the trial court erred in sentencing him to a term of imprisonment for a fifth-degree felony without making the requisite findings pursuant to R.C. 2929.13.
 {¶ 4} The trial court noted on the felony-sentencing worksheet that Parson had previously served a prison term, one of the R.C.2929.13(B)(1) factors, that he was not amenable to community control, and that prison was consistent with the principles and purposes of sentencing. The transcript of the proceedings reveals that at the sentencing hearing, Parson refused to take responsibility for his crime and insisted that he was innocent. The trial court referred to Parson's extensive felony record and stated, "Those are just the felony contacts."
 {¶ 5} Parson's sentence was within the term permitted by statute for a fifth-degree felony and it was not the maximum sentence. The transcript of the proceedings and the journal entries demonstrate that the trial court followed the sentencing guidelines in imposing Parson's sentence. We have reviewed the record, and we cannot say that Parson's sentence was not supported by clear and convincing evidence or that it was contrary to law.
 {¶ 6} Parson also contends that the trial court erred in failing to notify him about the possibility of post-release control and the ramifications of violating post-release control supervision or post-release control sanctions as mandated by R.C. 2929.19(B)(3). The state concedes that the trial court failed to inform Parson about the possibility of post-release control at the sentencing hearing. Therefore, Parson's sentence must be vacated and the case must be remanded so that the trial court can properly advise Parson about post-release control, pursuant to R.C. 2929.19(B)(3)(d) and (e). See State v. Hoffert, 1st Dist. No. C-020168, 2002-Ohio-6343; State v. Brown, 1st Dist. Nos. C-020162, C-020163 and C-020164, 2002-Ohio-5983; State v. Dejanette, 1st Dist. No. C-010693, 2002-Ohio-4802; State v. Lattimore, 1st Dist. No. C-010488, 2002-Ohio-723.
 {¶ 7} The assignment of error is sustained to the extent that it alleges that the trial court erred by failing to inform Parson of the possibility of post-release control, and it is overruled in all other respects. Therefore, we vacate Parson's sentence and remand this case for resentencing and for the trial court to notify Parson about post-release controls and sanctions as required by R.C. 2929.19(B)(3).
 {¶ 8} Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Doan and Painter, JJ.